IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL C. HENDERSON,

                Plaintiff,

v.

JUSTIN S. RIBAULT, KAITLIN KINYON, SHANTA
ANDERSON, ERIN M. WEHRLE, STEVEN LAXTON,         ORDER
COLLETTE M. PAETZ, ANNA R. FERNBERG, JOSIE
L. KRIZ, SHERYL KINYON, EMILY DAVIDSON,            23-cv-127-jdp
HOLLY A. GUNDERSON, CINDY O'DONNELL,
ALICE RETRUM-LAWRENCE, GARY BOUGHTON,
PAULA STOUDT, JACOB CIRIAN, JAMIE PAYNE,
and NATHANIEL S. BOTHFELD,

                Defendants.

---

      Plaintiff Michael C. Henderson filed a complaint and a letter asking to use his release account funds to pay the full filing fee. Dkt. 1 and Dkt. 2. The court ordered Henderson to file a motion to proceed in forma pauperis or pay the $402 filing fee. Dkt. 3. The court denied Henderson's request to use release account funds to pay the $402 filing fee, stating that, "with the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from a release account." *Id.* at 1.

      Henderson filed a motion to proceed in forma pauperis and a trust account statement. Dkt. 5 and Dkt. 6. Henderson's account statement showed that, for the 6-month period immediately preceding this lawsuit, he had a start balance of $4,828.17, an average monthly balance of $2,242.57, and an end balance of $408.82. Dkt. 6 at 1. Based on this information, the court concluded that Henderson did not qualify as indigent and ordered him to pay the $402 filing fee. Dkt. 7.

Henderson filed another motion to proceed in forma pauperis and a motion for reconsideration. Dkt. 8 and Dkt. 9. Henderson contends that he made several transactions during the 6-month period immediately preceding this lawsuit that weren't reflected on his account statement because they became final after the 6-month period. Dkt. 9 at 1. Henderson fails to specify the amount of these deductions and the dates on which he made the corresponding transactions, though he suggests that the total is no greater than $408.82. Henderson contends that he lacks sufficient funds in his trust account to pay the $402 filing fee and asks to pay an initial partial filing fee of "whatever he has to offer." *See id.* at 2. Henderson adds that the court erred in concluding that it lacked authority to order prison officials to allow Henderson to use money from his release account to pay the $402 filing fee. *Id.* at 3. Henderson submits a copy of Attachment A to Divisions of Adult Institutions (DAI) Policy 309.45.02, which states that release account funds may be used for fees under the Prison Litigation Reform Act (PLRA) "with notification directly from the courts." This policy also states that prisoners must use funds from their trust accounts to pay PLRA fees before using release account funds. *See* DAI Policy 309.45.02, IX(C).

Henderson has not shown that the court erred in ordering him to pay the full filing fee. Henderson's trust account statement showed a start balance of 4,828.17, an average monthly balance of $2,242.57, and an end balance of $408.82. Henderson contends that his account statement did not reflect all of his transactions from the 6-month period immediately preceding this lawsuit. But Henderson's allegations are unsupported and lack specificity. In any event, Henderson's start balance and average monthly balance are high enough that, even if these missing deductions totaled $408.82, he would not have qualified as indigent. *See Bohanan v. Eckstein*, No. 13-CV-808-WMC, 2022 WL 59394, at *1 (W.D. Wis. Jan. 6, 2022) (denying

2

leave to proceed in forma pauperis when the prisoner's average monthly balance was $3,749.75); *Cooper v. Coghlan*, No. 1:21-CV-00307, 2021 WL 2254966, at *1 (N.D. Ill. June 3, 2021) (denying leave to proceed in forma pauperis when the prisoner received $2,344.99 in deposits in the 6-month period immediately preceding the lawsuit); *see also Maboneza v. Kincaid*, 798 F. App'x 19, 21 (7th Cir. 2020) ("Courts have broad discretion in assessing the sufficiency of an applicant's evidence of poverty, especially when it comes to prisoners, who have fewer demands on their income because prisons provide them with food, clothing, shelter, and medical care."). Henderson's contention that he currently does not have $402 in his trust account does not preclude the court from ordering him to pay the full filing fee. *Cf. Robertson v. French*, 949 F.3d 347, 350 (7th Cir. 2020) ("[T]o ensure that [the trust account statement] is an accurate reflection of the prisoner's financial situation, the PLRA calls for a six-month look-back."). Because Henderson does not qualify as indigent, the court will deny his request to pay an initial partial filing fee.

Nor did the court err in denying Henderson's request to use release account funds to pay the $402 filing fee. As the court explained to Henderson, except for initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from a release account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). Henderson correctly notes that DAI Policy 309.45.02 states that release account funds may be used for PLRA filing fees upon court notification, with the caveat that prisoners must first exhaust the funds in their trust accounts. But the court cannot order Wisconsin prison officials to comply with their own regulations. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their

conduct to state law."); *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) (stating that a "violation of a jail policy is not a constitutional violation enforceable under 42 U.S.C. § 1983").

In sum, the court will order Henderson to pay the $402 filing fee. If Henderson does not, as he contends, have sufficient funds in his trust account to pay this fee, he may ask prison officials to allow him to use funds from his release account for this purpose.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael C. Henderson's motion for reconsideration, Dkt. 9, is DENIED. Plaintiff has until April 17, 2023, to submit the $402 filing fee. If plaintiff has not paid the $402 filing fee by this date, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

2. Plaintiff's second motion to proceed in forma pauperis, Dkt. 8, is DENIED as moot.

3. The clerk of court is directed to send plaintiff a copy of this order.

Entered March 31, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge