IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL C. HENDERSON,

                Plaintiff,

  v.                                                                                      OPINION and ORDER

JUSTIN S. RIBAULT, ANNA R. FERNBERG, and               23-cv-127-jdp
NURSE KAITLIN KINYON,

                Defendants.

---

Without counsel, plaintiff Michael C. Henderson filed a complaint alleging that officials at Wisconsin Secure Program Facility (WSPF) deprived him of medical care for his lower back and shoulder pain. I allowed Henderson to proceed on Eighth Amendment medical care claims against defendants Dr. Ribault, nurse Kaitlin Kinyon, and Anna Fernberg. Dkt. 11 and Dkt. 23. Defendants have moved for partial summary judgment, contending that Henderson failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA) on his claims against Kinyon and Fernberg, and on one of his claims against Dr. Ribault. Dkt. 34. Henderson filed a response contending that he exhausted those claims and seeking reconsideration of my screening order. Dkt. 46.

I will grant defendants' motion in part and dismiss the currentclaim against Dr. Ribault, but I will deny it as to the claims against Kinyon and Fernberg. I will treat Henderson's response as a motion for reconsideration and grant it in part to allow him to proceed on a claim against Dr. Ribault.

BACKGROUND

I allowed Henderson to proceed against Dr. Ribault on two claims. The first claim is that Dr. Ribault inappropriately refused to discontinue the medication carbamazepine. Henderson alleged that Dr. Ribault prescribed him carbamazepine on February 1, 2023, and that he had adverse reactions to it because it negatively interacted with his blood pressure medication. Henderson alleged that Dr. Ribault inappropriately questioned the validity of Henderson's contentions about carbamazepine's side effects and wrongly concluded that those symptoms were unrelated to it. These allegations, I concluded, suggested that Dr. Ribault provided easier care that he knew was ineffective. Dkt. 23 at 3–5.

The second claim is that, on September 1, 2022, Dr. Ribault canceled Henderson's appointment with an offsite provider even though he had chronic shoulder pain that required Toradol injections. This allegation, I concluded, suggested that Dr. Ribault interfered with Henderson's treatment for shoulder pain for no apparent reason. *Id.* at 2–3, 5.

I allowed Henderson to proceed against Nurse Kinyon based on the allegation that, between November 2022 and February 2023, she repeatedly acknowledged but failed to respond to his medical requests. *Id.* at 3, 5.

I allowed Henderson to proceed against Nurse Fernberg based on the allegation that, although she took action in response to some of his medical requests, she intentionally and unnecessarily delayed in responding to certain requests and provided treatment that she knew was ineffective. Henderson alleged that the events underlying this claim occurred from November 2022 to February 2023. *See id.* at 3, 5–6; Dkt. 1 at 7, 9–10.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We "take a strict compliance approach to exhaustion." (alteration adopted)). The prisoner must complete each step of the grievance procedure to exhaust it, though he doesn't have to file an administrative appeal if he receives all the relief that he requests in his initial grievance. *See Thornton v. Snyder*, 428 F.3d 690, 694–97 (7th Cir. 2005); *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). A prisoner "need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing." *Turley*, 729 F.3d at 650. Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections (DOC) maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. After the prisoner has sought to resolve his issue informally, he must file a complaint with the institution complaint examiner within

14 days after the occurrence giving rise to the complaint. *See* Wis. Admin. Code DOC § 310.07(1)–(2).

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

HENDERSON'S INMATE COMPLAINTS

Henderson filed three inmate complaints with potential relevance to defendants' motion: WSPF-2022-20 ('20 complaint), WSPF-2022-8761 ('8761 complaint), and WSPF 2022-16717 ('16717 complaint). The '20 complaint was received on January 3, 2022. Dkt. 35-2 at 7. In it, Henderson alleged that, in late 2021, health services unit (HSU) staff didn't respond to his requests for treatment for shoulder pain following a flu shot. *Id.* at 7–8.

The '8761 complaint was received on June 8, 2022. In it, Henderson alleged continuing inadequate treatment for back pain. *See* Dkt. 35-3 at 12–13. As relevant here, Henderson alleged that he consistently notified HSU staff about back pain but, at most, they would check his vital signs. *Id.* at 13.

The '16717 complaint was received on November 7, 2022. Dkt. 35-4 at 12. The thrust of the '16717 complaint is that Dr. Ribault deprived Henderson of medical care at a visit on October 24, 2022. *See id.* at 12–13. As relevant here, Henderson alleges that he told Dr. Ribault that the Tylenol he was taking then and the topical medications he had previously taken didn't help his back pain. *Id.* at 12. Henderson didn't specify whether Dr. Ribault offered him any other medication. *See id.* at 12–13. Henderson also faulted Dr. Ribault for declining to refer him to a neurosurgeon. *Id.* at 13. Further, Henderson alleged that he told Dr. Ribault that he

4

had a painful arm problem and was waiting for medical attention to resolve the pain and regain his full range of motion. *Id.* Henderson didn't specify Dr. Ribault's response to that complaint. *See id.*

ANALYSIS

**A. Motion for partial summary judgment**

Defendants contend that Henderson didn't exhaust (1) his claim that Dr. Ribault inappropriately refused to discontinue carbamazepine and (2) his claims against Kinyon and Fernberg. Defendants reason that Henderson didn't raise these claims in any potentially relevant inmate complaint. Henderson counters that he raised these claims in the '20, '8761, and '16717 complaints.

**1. Claim against Dr. Ribault**

Henderson filed the '20, '8761, and '16717 complaints in 2022. But it's clear from Henderson's complaint that February 1, 2023, is the earliest date on which the events underlying this claim could have occurred. So these complaints could have exhausted this claim only if Henderson raised the same issue in one or more of them and that issue continued through February 1, 2023. *See Turley*, 729 F.3d at 650. But none of these complaints meaningfully relates to Dr. Ribault's alleged failure to discontinue carbamazepine even though it allegedly caused Henderson serious side effects. The '16717 complaint involved complaints about the adequacy of Tylenol and topical medications. But Henderson didn't contend that those medications interacted negatively with his blood pressure medication or otherwise caused him serious side effects; he just stated that they were ineffective. Nor did Henderson specify

5

whether Dr. Ribault offered any other medication, though the institution complaint examiner's summary of the facts states that Henderson was also receiving naproxen as of November 30, 2022. *See* Dkt. 35-4 at 2–3. In short, the '16717 complaint's allegation that some of Henderson's pain medications were ineffective relates to the issues underlying his federal claim against Dr. Ribault at only a broad level of generality. Because "the underlying facts" are different, the '16717 complaint doesn't present "the same issue" as Henderson's federal claim against Dr. Ribault. *Cf. Turley*, 729 F.3d at 650.

Alternatively, Henderson contends that he didn't have to exhaust his claim against Dr. Ribault because he "resolved any/all issues with respect to the medication carbamazepine" on February 9, 2023. Dkt. 47 ¶ 10. Henderson argues that, on that date, nurse Wehrle allegedly removed carbamazepine "from the medication chart." *Id.* ¶ 9. This argument is a variant of the rule that a prisoner need not file an administrative appeal if he receives all the relief that he requests in his initial grievance. But, at least facially, this rule doesn't apply because Henderson hasn't identified a grievance in which he raised his claim against Dr. Ribault. In any case, Henderson bases his claim against Dr. Ribault on the allegation that he *refused to discontinue* carbamazepine after Wehrle allegedly told Henderson that she didn't want him to continue using it. Dkt. 23 at 3–4. Furthermore, Henderson alleges that he took carbamazepine as late as February 21, 2023, which undercuts the suggestion that it was discontinued on February 9, 2023. Dkt. 1 at 6. In short, even if Wehrle removed carbamazepine from Henderson's chart on February 9, 2023, the record conclusively shows that Henderson had unresolved concerns about receiving carbamazepine.

Henderson filed another inmate complaint (WSPF-2023-5142) that appears to relate to some of his allegations in this case. Dkt. 35-5. But Henderson doesn't dispute that this

6

inmate complaint didn't exhaust administrative remedies because, among other reasons, he filed it after he brought this lawsuit. *See* Dkt. 34 at 10.

Defendants have shown that administrative remedies were available to Henderson. Henderson filed at least four inmate complaints in 2022 and 2023 related to his medical care, *see* Dkt. 35, and he hasn't contended that he lacked access to the DOC's administrative process. I will grant defendants' motion on Henderson's claim that Dr. Ribault inappropriately refused to discontinue carbamazepine.

### 2.   Claims against Kinyon and Fernberg

In my screening order, I determined that Henderson alleged that the events underlying these claims occurred from November 2022 to February 2023. I didn't specify when the earliest event occurred in November, but it's clear from the complaint that it was no earlier than November 9, 2022. *See* Dkt. 1 ¶ 30; *see also. id.* at 7–10. The most recent inmate complaint at issue, the '16717 complaint, was received on November 7, 2022, Dkt. 35-4 at 12. So, these complaints could have exhausted Henderson's claims against Kinyon and Fernberg only if he raised the same issue in one or more of them and that issue continued into November 2022 to February 2023. The '16717 complaint because it clearly doesn't relate to Henderson's claims against Kinyon and Fernberg. So I'll be looking at the '20 complaint and the '8761 complaint.

Henderson bases his claims against Kinyon and Fernberg on similar allegations. Henderson alleged that Kinyon repeatedly acknowledged but failed to respond to his medical requests for treatment for his chronic back and shoulder pain. As for Fernberg, Henderson alleged that, although she took action in response to some of his medical requests, she intentionally and unnecessarily delayed in responding to certain requests and provided treatment that she knew was ineffective. The inadequate treatment allegedly involved calling

7

Henderson to the HSU but checking only his vitals. *See* Dkt. 1 ¶¶ 15–16. Similarly, in at least one of the medical requests that Kinyon allegedly didn't respond to, Henderson alleged that HSU staff would check only his vitals when he complained of chronic back and shoulder pain. *See* Dkt. 1 ¶¶ 23, 31. Along these lines, in the '8761 complaint, Henderson alleged that he consistently notified HSU staff about back pain but, at most, they would check his vitals. This allegation captures the thrust of Henderson's federal claims against Kinyon and Fernberg. Furthermore, Henderson alleged in the '8761 complaint that this problem was ongoing. *See* Dkt. 35-3 at 12–12. In short, the evidence shows that the '8761 complaint was enough to notify WSPF officials of the issues underlying Henderson's claims against Kinyon and Fernberg. I will deny defendants' motion as to these claims.

In view of this ruling, I need not consider whether the '20 complaint exhausted these claims. Nor need I consider Henderson's contention that he didn't have to exhaust his claims against Kinyon and Fernberg because, after he filed the '20 complaint, Sheryl Kinyon allegedly assured him that medical staff would meet his medical needs from then on.

**B.  Motion for reconsideration**

Henderson contends that my screening order overlooked two allegations that he believes states claims against Dr. Ribault. Henderson's contention that I didn't consider his allegation that Dr. Ribault canceled an offsite appointment with a neurologist on April 12, 2022, is incorrect. I didn't let him proceed on this claim because it was unclear from his allegations why Dr. Ribault canceled that appointment. I didn't make that point expressly, but it was implicit from my ruling. *See* Dkt. 1 at 2. Henderson tries to strengthen this claim with allegations in his response, but a motion for reconsideration "may not be used to cure defects

8

that could have been addressed earlier." *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009).

Henderson is correct that I didn't address his allegation that, on September 1, 2022, Dr. Ribault canceled a referral to a neurologist for lower back pain. Dkt. 1 ¶¶ 33–34. The omission stems from the fact that Henderson alleged that Dr. Ribault canceled another appointment with a different provider on September 1, 2022, which I allowed him to proceed on. In context, Henderson's allegation about the neurology appointment supports a plausible inference that Dr. Ribault intentionally interfered with Henderson's treatment for lower back pain for no apparent reason. I will allow Henderson to proceed on this claim. I'll give defendants a short time to move for summary judgment on exhaustion grounds regarding this claim.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 24, is GRANTED in part and DENIED in part. As a result, the court dismisses without prejudice plaintiff Michael C. Henderson's claim that defendant Dr. Ribault refused to discontinue his carbamazepine.

2. Plaintiff's motion for reconsideration, *see* Dkt. 46, is GRANTED in part. As a result, the court's screening order, Dkt. 11 and Dkt. 23, is constructively amended to allow Henderson to proceed on an Eighth Amendment medical care claim against Dr. Ribault based on the allegation that, on September 1, 2022, he intentionally canceled plaintiff's referral to a neurologist for lower back pain.

3. Defendants may have until May 8, 2024, to file a motion for summary judgment on exhaustion grounds regarding the new claim against Dr. Ribault.

4. The clerk of court is directed to send plaintiff a copy of this order.

Entered April 8, 2024.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge